IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARGARET E. WALSH, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> POPULAR, INC., et al., <br><br>    Defendants. | Civil No. 09-1552 (ADC) |
| NORMA MONTAÑEZ, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> POPULAR, INC., et al., <br><br>    Defendants. | Civil No. 09-1646 (ADC) |
| STEFFANI DOUGAN, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> POPULAR, INC., et al., <br><br>    Defendants. | Civil No. 09-1682 (ADC) |

## ORDER

**I.  Background**

The instant action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1011, *et seq.* ("ERISA"), with respect to the Popular, Inc. Puerto Rico Savings and Investment Plan (the "PR Plan") and the Popular, Inc. U.S.A. 401(k) Savings & Investment Plan (the "USA Plan") (collectively the "Plan").

On April 13, 2011, plaintiffs notified the court that they had reached a settlement agreement[1] with defendants and moved the court to enter an order certifying a settlement class under Federal Rule of Civil Procedure 23(b)(1), granting preliminary approval to the

---

[1]  The terms of the proposed settlement agreement are set forth in the Class Action Settlement Agreement ("the Settlement"). **ECF No. 120-8**.

Civil No. 09-1552 (ADC)
Civil No. 09-1646 (ADC)
Civil No. 09-1682 (ADC)                                                                                      Page 2

proposed settlement agreement and approving the proposed notice to class members. **ECF No. 120**. At the court's direction (**ECF No. 121**), plaintiffs and defendants each filed declarations in support of this request. **ECF Nos. 124 & 125**. On June 8, 2011, the court conducted a hearing regarding the pending motion for certification of a settlement class and preliminary approval of the settlement agreement. At that time, after counsel for plaintiffs and for defendants presented their arguments in favor of granting the motion, the court indicated that it would grant plaintiffs' request and that a written order to that effect would be forthcoming.

## II.   Class Certification

Plaintiffs request that the court certify a class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and (2),[2] consisting of:

> All participants in of the [PR Plan] and the [USA Plan] who held Employer Stock, as that term is defined in the Plans, in their individual accounts in the Plans at any time during the period starting on January 24, 2008 and ending on the Agreement Execution Date, and as to each such Person, his, her or its beneficiaries, alternative payees (including spouses of deceased Persons who were Plan participants), and Successors-In-Interest, but excluding the Defendants.

**ECF No. 120**.

Cognizant of the First Circuit's strong preference that courts move beyond the pleadings when certifying settlement classes, the court allowed parties to present evidence in the form of declarations supporting plaintiffs' request. *See College of Dental Surgeons of Puerto Rico v. Connecticut General Life Ins. Co.*, 585 F.3d 33, 41 (1st Cir. 2009) (noting the First Circuit's preference that class certification rest on evidence, rather than mere allegations); *In re PolyMedica Corp. Sec. Litig.*, 432 F.3d 1, 6 (1st Cir. 2005). Plaintiffs submitted a joint declaration from interim co-lead counsel describing the prosecution and settlement of the instant case, a declaration from liason counsel describing his role in the litigation, a declaration

---

[2] Plaintiffs did not brief their request for class certification under Rule 23(b)(2); however, it was discussed at the June 8, 2011 hearing. **ECF No. 132**.

Civil No. 09-1552 (ADC)
Civil No. 09-1646 (ADC)
Civil No. 09-1682 (ADC)                                                                    Page 3

from co-counsel describing his role in the litigation and three declarations from the named plaintiffs in support of class certification. **ECF No. 124**. In turn, defendants submitted a declaration from an attorney for Popular, Inc. in which he described the lengthy settlement negotiations and the nature and scope of the discovery carried out, as well as the retention of an independent fiduciary to assess the fairness and reasonableness of the proposed settlement, and a declaration from the Secretary of the Popular Corporate Investment Committee and member of the Popular Benefits Committee regarding the size of the proposed class. **ECF No. 125**.

Plaintiffs bear the burden of establishing the prerequisites for class certification under Rules 23(a) and (b). *In Re Relafen Antitrust Litig.*, 231 F.R.D. 52, 67 (D.Mass. 2005). Thus, in order for the court to certify a settlement class in this case, plaintiffs must establish Rule 23(a)'s preliminary requirements of numerosity, commonality, typicality and adequacy of representation, as well as the requirements of Rule 23(b)(1). *See In Re New Motor Vehicles Canadian Antitrust Litig.*, 522 F.3d 6, 18-19 (1st Cir. 2008).

**1.    Numerosity**

The numerosity requirement of Rule 23(a) mandates that "the class [be] so numerous that joinder of all members is impracticable." FED.R.CIV.P. 23(a)(1). Although varied estimates of the size of the proposed class have appeared throughout the relevant filings, at the hearing, counsel confirmed that the proposed class is comprised of 14,380 members,[3] as established in the declaration of Douglas H. Hachenberg, the Secretary of the Popular Corporate Investment Committee and member of the Popular Benefits Committee. *See* **ECF No. 125-2**. The court finds that this manifold group easily meets the numerosity requirement for the purposes of certifying a settlement class in the instant case.

**2.    Commonality**

The commonality requirement of Rule 23(a) necessitates that there be "questions of law

---

[3] Of the proposed class, 3,729 class members participated in the USA Plan and 10,651 participated in the PR Plan. **ECF No. 125-2**.

Civil No. 09-1552 (ADC)
Civil No. 09-1646 (ADC)
Civil No. 09-1682 (ADC) Page 4

or fact common to the class." FED.R.CIV.P. 23(a)(2). The court finds that common questions of fact and law abound in the instant case, particularly regarding defendants' alleged breaches of fiduciary duty. *See Bertella v. JetDirect Aviation, Inc.*, No. 09-10527, 2010 WL 4103664, at *2 (D.Mass. Oct. 19, 2010) (finding commonality where common questions of fact and law existed as to alleged violations of fiduciary duties under ERISA). Plaintiffs brought suit on behalf of the Plan against defendants, who were the fiduciaries of the Plan for breaches of fiduciary duties that allegedly affected all Plan participants in a common manner. Thus, the court finds that the commonality requirement of Rule 23(a) is satisfied.

**3.     Typicality**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." FED.R.CIV.P. 23(a)(3). The goal of the typicality inquiry is to allow the court to determine "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *NatchitochesParish Hosp. Svc. Dist. v. Tyco Int'l Ltd.*, 247 F.R.D. 253, 264 (D.Mass. 2008) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Id.; see also Swack v. Credit Suisse Boston*, 230 F.R.D. 250, 260 (D.Mass. 2005). In the case at bar, plaintiffs' claims are identical to those of other Plan participants, who were also employed by Popular and held Company stock in their Plan accounts. Accordingly, the typicality requirement of Rule 23 is also met.

**4.     Adequacy**

The final requirement of Rule 23(a) is that of adequacy. *See* FED.R.CIV.P. 23(a)(4). In order to find adequacy, the court must determine that "the representative parties will fairly and adequately protect the interests of the class." *Id.* In performing this inquiry, the court seeks to "uncover conflicts of interest between named parties and the class they seek to

represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). In addition, the court must assess the adequacy of counsel, "factor[ing] in [their] competency and conflicts." *Id.*

Upon a review of the relevant filings in the instant case, the court sees that plaintiffs have diligently pursued the instant action, in which they seek compensation for the Plan's reduced value due to practices which allegedly constituted breaches of fiduciary duty by those who managed and administered the Plan. They bring the same claims for the same remedies and under the same legal theories as would other class members. Further, the court ascertains that no conflicts exist between or among plaintiffs and other class members. Thus, the court finds that plaintiffs meet the adequacy requirement of Rule 23(a)(4).

Further, class counsel are highly experienced in the field of ERISA litigation and are extremely competent and able to prosecute the instant case. *See* **ECF No. 124-1**. Thus, counsel meet the second prong of the adequacy requirement.

5.    **Rule 23(b)(1)**

Plaintiffs request certification under Rule 23(b)(1), under which a class may be certified where:

> 1. prosecuting separate actions by or against individual class members would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

FED.R.CIV.P. 23(b)(1). Historically, courts have viewed ERISA §502(a)(2) claims, such as that which forms the backbone of the instant case, as "paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1)[(B)] class." *Hochstadt v. Boston Scientific Corp.*, 708 F.Supp. 2d 95, 105 (D.Mass. 2010). There has been some debate whether a recent Supreme Court case, *La Rue v. DeWolff, Boberg & Assoc., Inc.*, 128 S.Ct. 1020 (2008), bars class certification of fiduciary breach claims under Rule 23(b)(1); however, other courts in this circuit have determined that it does not. *See Hochstadt*, 708 F.Supp. 2d at 105 n.12 (citing cases

from other districts espousing both views); *see also JetDirect*, 2010 WL 4103664 at *4 n.4 (D.Mass. Oct. 19, 2010). The court follows these sister courts to find that ERISA §502(a)(2) claims are still ideally suited for class certification under the mandatory class provision of Rule 23(b)(1)(B). The claims brought by the named plaintiffs, if true, are identical with respect to every class member and, as the plaintiffs act on behalf of the Plan, their claims would be dispositive of other class members' claims. *See Hochstadt*, 708 F.Supp. 2d at 105. Thus, settlement class certification under Rule 23(b)(1)(B) is appropriate in the instant case.

Although plaintiffs alternatively request certification under Rule 23(b)(1)(A), the court finds that certification under this subsection is less advisable as plaintiffs request monetary damages in the instant case. *See Hochstadt*, 708 F.Supp. 2d at 104 n.11 (citing other districts ruling that certification under Rule 23(b)(1)(A) is inappropriate where money damages are sought). Thus, the court finds that certification under Rule 23(b)(1)(B) is the proper avenue[4] to follow in the instant case. Accordingly, the court hereby **GRANTS** plaintiffs' request for certification of a settlement class, as defined above and in the settlement agreement. Plaintiffs are hereby appointed as representatives for the settlement class.

### III. Co-Lead Counsel Under Rule 23(g)

Under Rule 23(g), once the court certifies a class following a preliminary fairness hearing, it must appoint class counsel. *See* FED.R.CIV.P. 23(g). The court is directed to consider four factors when appointing counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;"(2) counsel's experience in class actions, and

---

[4] The court is cognizant that, in the hearing, it indicated willingness to certify the class on alternate grounds under Rule 23(b)(2) as well. However, upon further consideration, the court finds that certification under Rule 23(b)(2) is not appropriate in the instant case as the primary relief sought is neither injunctive nor declaratory. *See In re Tyco Int'l, Ltd.*, No. MD-02-1335, 2006 WL 2349338, at *3 n.1 (D.N.H. Aug. 15, 2006) ("[A] class should be certified under Rule 23(b)(2) only if plaintiffs seek predominantly injunctive or declaratory relief.") (citing *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 580 (7th Cir. 2000)); *see also Caranci v. Blue Cross Blue Shield of Rhode Island*, No. 96-2751, 1999 WL 766974, at *19 (D.R.I. Aug. 19, 1999) ("Whether an action should be certified under Rule 23(b)(2) 'depends on the appropriateness of injunctive or corresponding declaratory relief with respect to the class as a whole.'") (quoting *Dionne v. Bouley*, 757 F.2d 1344, 1356 (1st Cir. 1985)).

particularly in the type of claim asserted; (3) "counsel's knowledge of the applicable law; and"(4) "the resources that counsel will commit to representing the class." *Id.*

Co-lead counsel in the instant case are extremely well-versed in the dynamics of class action litigation, and of ERISA litigation in particular. *See* **ECF No. 132**. Thus, they easily fulfill the second and third factors of the Rule 23(g) inquiry. Further, counsel has performed extensive research and investigation in the instant case, including obtaining the trading record of the stock in the Plan and procuring information from the Department of Labor under FOIA. *See* **ECF No. 124-1**. Therefore, the court finds that the first factor is also met here. The court has no doubts that class counsel will continue their vigorous efforts on behalf of the class moving forwards, thus satisfying the fourth element of the Rule 23(g). Accordingly, the court finds that co-lead counsel fulfill the strictures of Rule 23(g) and appoints them as class counsel to represent the settlement class in the instant case.

## IV.   Preliminary Approval of the Settlement Agreement

Plaintiffs request that the court also grant preliminary approval of the settlement agreement reached between plaintiffs and defendants on behalf of the class. **ECF No. 120**.

At the preliminary approval stage, the court primarily seeks to determine whether negotiation of the settlement agreement occurred at arm's length; whether sufficient discovery occurred; whether "proponents of the settlement are experienced in similar litigation"; and whether a large or small fraction of the class objected. *In re Lupron Mktg. and Sales Practices Litig.*, 345 F.Supp. 2d 135, 137 (D.Mass. 2004) (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tanks Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995)); *see also In re Puerto Rican Cabotage Antitrust Litig.*, 269 F.R.D. 125, 140 (D.P.R. 2010). At this stage, the court merely seeks to determine whether a settlement agreement falls within the range of possible approval. *In re Puerto Rican Cabotage*, 269 F.R.D. at 140.

In the instant case, the settlement agreement was only reached after four months of arms-length and intensive negotiations between experts in the field. *See* **ECF Nos. 124-1 & 125-1**. Further, although full discovery was not completed prior to the initiation of settlement

negotiations, plaintiffs had performed sufficient and significant discovery and engaged in expert consultations which enabled them to identify the primary strengths and weaknesses of their case. They further engaged in additional discovery as necessary during the settlement process[5] in order to inform themselves of pertinent issues as they arose. *See* **ECF Nos. 124-1 & 125-1**. At present, no plaintiff has objected to the settlement and, likewise, no class member has raised any objections at this time. Thus, a presumption of fairness attaches to the settlement agreement at this preliminary phase. *See In re Puerto Rican Cabotage*, 269 F.R.D. at 140 (citing *In re Lupron*, 345 F.Supp. 2d at 137).

Further, upon a review of the settlement agreement, the court finds that the same does not appear to be either illegal or collusive. *See Scott v. First American Title Ins. Co.*, No. 06-286, 2008 WL 4820498, at *3-4 (D.N.H. Nov. 5, 2008) (stating that the court must verify that a settlement agreement is not illegal or collusive at the preliminary phase) (citing *Tenn. Assoc. of Health Maintenance Orgs., Inc. v. Grier*, 262 F.3d 559, 565 (6th Cir. 2001). It provides relief to all Plan members, the precise amount of which shall be determined by utilizing an algorithm which will input factors such as the losses suffered by each class member and the relevant time period for each class member. Thus, the settlement agreement contemplates dividing the settlement between class members on a precise per capita basis. During the hearing, plaintiffs averred that they weighed the benefits of settling against risks and costs of continued litigation,[6] stating that they believe that their case would survive a motion for summary judgment, but were cognizant that even meritorious cases do not always succeed at trial. Thus, the court finds that, at first blush, the settlement agreement falls within the range of reasonableness necessary to pass on to the final fairness phase. Consequently, plaintiffs' motion for a preliminary finding of fairness and preliminary approval of the settlement

---

[5] The additional discovery included interviews of Popular senior executives. **ECF No. 125-1**.

[6] At the parties' request, the court notes that nothing in this order is intended to weigh on the liability or fault of defendants or intended to represent any admission, concession or declaration of any party. *See* **ECF No. 120-7**.

Civil No. 09-1552 (ADC)
Civil No. 09-1646 (ADC)
Civil No. 09-1682 (ADC)                                                                                Page 9

agreement is hereby **GRANTED**.

## V.   Notice Under Rule 23(e)(1)

Once a court grants preliminary approval of a settlement agreement, it must then "direct notice in a reasonable manner to all class members who would be bound by the proposal." FED.R.CIV.P. 23(e)(1) & (2). In the instant case, plaintiffs state that a long-form notice shall be sent to the last known addresses of Plan members, and a short-form notice shall be filed online. **ECF No. 120-1**. The proposed notice properly apprises class members of the pendency of the settlement, contains information regarding the terms and conditions fo the settlement, as well as the distribution method and an estimate of distribution per class member. *See* **ECF No. 120-7**. Further, the notice includes information regarding practical considerations for settlement, attorneys' fees, expenses, a procedure for lodging objections to the settlement and shall apprise class members of the date and place of the final fairness hearing. *See id.* The parties have also retained the services of a reputable and independent third party to oversee the process of providing notice. Thus, the court finds that the requirement of Rule 23(e)(1), as well as due process considerations, are fulfilled through the proposed notice submitted by plaintiffs for the court's approval and that the proposed notice is the best practicable notice which might be provided. *See In re Lupron Mktg. and Sales Prac. Litig.*, 345 F.Supp. 2d 135, 141 (D.Mass. 2004) (approving a proposed notice where it represented the best practicable notice). Accordingly, plaintiffs' request that the court approve the proposed notice is hereby **GRANTED**. Notice shall be sent to class members accordingly. Defendants shall confirm that Popular has provided class counsel with the last known addresses of all class members.[7] Notices shall then be sent via first-class mail, postage-prepaid to the class members within thirty days of entry of this order; notice shall also be posted online within the same time-frame. Reasonable expenses of providing notice shall be paid from the settlement fund.

---

[7] Popular must also respond to reasonable written requests for accessible data from Popular or the Plan's trustee/record keeper's custody and control deemed necessary to effect notice and administer the settlement.

Civil No. 09-1552 (ADC)
Civil No. 09-1646 (ADC)
Civil No. 09-1682 (ADC)                                                              Page 10

## VI.  Objections

As provided in the notice, which shall be sent to all class members and posted online, any member of the class who wishes to object to the fairness, reasonableness or adequacy of the settlement agreement, to any term therein, to the plan of allocation, to the proposed award of attorneys' fees and expenses, or to any other matter relating to the settlement agreement may file objections.  *See* **ECF No. 120-7**.  Any such objections shall be filed with the court and should include proof of membership in the class, as well as legal support and/or evidence to support the objections.  Any member of the settlement class who does not file a written objection complying with these requirements or who does not file a written objection in a timely manner will be deemed to have waived his or her objections. Objectors who file timely written objections may appear at the final fairness hearing provided that they file a timely notice of their intent to appear.[8]

---

[8] To the extent that this order slightly modifies the proposed notices, the parties are instructed to amend the proposed notices accordingly.

Civil No. 09-1552 (ADC)
Civil No. 09-1646 (ADC)
Civil No. 09-1682 (ADC)                                                                  Page 11

---

### VII. Conclusion and Deadlines

For the reasons set forth above, the court hereby **GRANTS** plaintiffs' motion (**ECF No. 120**) for the establishment of a settlement class, naming of class counsel, approval of proposed notice and preliminary approval of the settlement agreement with defendants.

Within **ten days** of entry of this order, defendants shall verify that Popular has submitted the last known **addresses** of Plan members. Within **thirty days** of entry of this order, **notice** shall be provided via mail to class members and shall be posted online.

The court hereby sets a **final fairness hearing** in the instant case for **August 26, 2011 at 10:00 AM**. **Filings in support** of settlement approval are due on or before **August 5, 2011**. **Objections and notices of intent to appear by objectors** are due on or before **August 12, 2011**. **IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 23rd day of June, 2011.

                                            **S/AIDA M. DELGADO-COLÓN**
                                            **Chief U.S. District Judge**